IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| GEORGE EDWARD JARRELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:16-CV-70-MHT |
| ) | |
| TOM S. SMITH, ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This case is before the court on a 42 U.S.C. § 1983 complaint filed by George Edward Jarrell ("Jarrell"), an indigent inmate presently incarcerated in the Houston County Jail awaiting trial on pending state criminal charges. In this complaint, Jarrell alleges that Tom S. Smith, the attorney appointed to represent him on the charges, has provided ineffective assistance during proceedings before the Circuit Court of Houston County, Alabama. *Complaint - Doc. No. 1* at 2-3. Specifically, Jarrell complains that Smith failed to appear at his arraignment and preliminary hearing, refuses to gather evidence relevant to the pending criminal cases and has allowed three postponements of his trial. *Id*. at 3. Jarrell seeks monetary damages, dismissal of his pending criminal cases and prosecution of Smith for fraud. *Id*. at 4.

Upon thorough review of the complaint, the court concludes that this case is due to

be summarily dismissed prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[1]

## II.  DISCUSSION

### A.  Claims Against Appointed Counsel

Jarrell challenges the representation provided to him by his court appointed attorney during pre-trial proceedings before the Circuit Court of Houston County, Alabama.  An essential element of a 42 U.S.C. § 1983 action is that a person acting under color of state law committed the constitutional violation about which the plaintiff complains.  *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999); *Parratt v. Taylor*, 451 U.S. 527 (1981); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993).  To state a viable claim for relief under § 1983, a plaintiff must assert "**both** an alleged constitutional deprivation ... **and** that 'the party charged with the deprivation [is] a person who may fairly be said to be a state actor.'" *American Manufacturers*, 526 U.S. at 50, 119 S.Ct. at 985 (emphasis in original).  An attorney who represents a defendant in criminal proceedings does not act under color of state law.  *Polk County v. Dodson*, 454 U.S. 312 (1981); *Mills v. Criminal District Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) ("[P]rivate attorneys, even court-appointed

---

[1] The court granted Jarrell leave to proceed *in forma pauperis* in this case.  *Order of February 4, 2016 - Doc. No. 3*.  A prisoner who is allowed to proceed *in forma pauperis* will have his complaint screened under the provisions of 28 U.S.C. § 1915(e)(2)(B) which requires this court to dismiss a prisoner's complaint if it determines that the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

attorneys, are not official state actors and ... are not subject to suit under section 1983."). Since the conduct about which Jarrell complains was not committed by a person acting under color of state law, the claims asserted in the complaint against defendant Smith are frivolous as they lack an arguable basis in law. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). These claims are therefore subject to summary dismissal in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

### B. Pending Criminal Charges

Jarrell seeks intervention by this court into criminal proceedings ongoing before the Circuit Court of Houston County, Alabama. Specifically, Jarrell requests declaratory relief in the form of dismissal of the criminal charges pending against him. *Complaint - Doc. No. 1* at 4. Under well settled federal law, this court must refrain from issuing such relief.

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that federal courts should abstain from entertaining civil actions by individuals seeking to enjoin criminal prosecutions against them in state court. *Id*. at 44-45. "Attentive to the principles of equity, comity, and federalism, the Supreme Court has recognized that federal courts should abstain from exercising jurisdiction in suits aimed at restraining pending state criminal prosecutions." *Jackson v. Georgia*, 273 Fed. App'x 812, 813 (11th Cir. 2008 (citing *Younger*, 401 U.S. at 37). *Younger* therefore directs federal courts to abstain from granting injunctive or declaratory relief that would interfere with ongoing state criminal

3

proceedings except under very limited circumstances. *Younger*, 401 U.S. at 43-45. The *Younger* abstention doctrine is premised upon a fundamental "public policy against federal interference with state criminal prosecutions." *Id*. at 43.

"In order to decide whether the federal proceeding would interfere with the state proceeding, [the court] look[s] to the relief requested and the effect it would have on the state proceedings. The relief sought need not directly interfere with an ongoing proceeding or terminate an ongoing proceeding in order for *Younger* abstention to be required." *31 Foster Children v. Bush*, 329 F.3d 1255, 1276 (11th Cir. 2003) (citations omitted). Abstention is required under *Younger* when a state judicial proceeding is pending, the proceedings implicate important state interests and the state proceedings provide an adequate opportunity to raise constitutional challenges. *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 431 (1982); *31 Foster Children*, 329 F.3d at 1274.

It is clear that each of the requisite elements for *Younger* abstention are present in this case. First, Jarrell is awaiting trial on criminal charges before the Circuit Court of Houston County, Alabama. Secondly, enforcement of the law is an important state interest. Finally, Jarrell may raise his claims in the pending state court proceedings by filing appropriate motions with the trial court and, if unsuccessful on these motions, petition the Alabama Court of Criminal Appeals for review of any adverse decision. In addition, if

Jarrell is convicted of the offenses lodged against him, he may present his claims on direct appeal before the state appellate courts and/or in a state post-conviction petition pursuant to Rule 32 of the Alabama Rules of Criminal Procedure. Although exceptions to *Younger* abstention are permitted where (1) irreparable injury as a result of the prosecution is both "great and immediate"; (2) the state law flagrantly and patently violates the Constitution of the United States; (3) there is a showing of bad faith or harassment; or (4) other unusual circumstances exist that require issuance of the requested relief, *Mitchum v. Foster*, 407 U.S. 225, 230 (1972), Jarrell has not presented any credible basis to warrant application of these exceptions. Initially, the court finds that the mere fact Jarrell must defend himself in state criminal proceedings does not demonstrate irreparable harm. *Younger*, 401 U.S. at 46 ("[T]he cost, anxiety, and inconvenience of having to defend against ... criminal prosecution, [is not] considered 'irreparable' in the special legal sense of that term."). Next, it is clear that Jarrel's self-serving, conclusory allegations of ineffective assistance of counsel, his assertions of trial court error and the reference to a purported death threat by the district attorney's "posse" if he is released, fail to establish the type of bad faith or harassment that would justify the extraordinary declaratory relief he seeks from this court - summary dismissal of the state criminal charges pending against him. Finally, there is no evidence that the state laws under which Jarrell has been charged violate the Constitution nor has he set forth any extraordinary circumstance entitling him to the requested relief.

In light of the foregoing, this court is compelled to abstain from considering the merits of Jarrell's claims which place into question the validity of the pending criminal charges and counsel's decisions regarding pre-trial matters with respect to continuance of his trial, receipt of discovery materials and production of evidence as such claims are not cognizable in a 42 U.S.C. § 1983 action at this time. *Younger*, 401 U.S. at 43-44. Consequently, to the extent Jarrell requests declaratory relief requiring dismissal of the pending criminal charges, equity, comity and federalism concerns require the court to abstain from considering the claims presented by Jarrell.

### C.  Criminal Prosecution of Smith

Jarrell seeks prosecution of his attorney for the actions made the basis of the instant complaint. A "private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another." *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Nelson v. Skehan*, 386 Fed.Appx. 783, 786 (10th Cir. 2010) (plaintiff has no constitutional right to have defendants prosecuted); *see also Leeke v. Timmerman*, 454 U.S. 83 (1981). This claim therefore provides no basis for relief and is due to be summarily dismissed in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's claims against Tom S. Smith be DISMISSED with prejudice

pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

2. The plaintiff's request for declaratory relief, which necessarily entails intervention by this court into the pending state criminal proceedings, be DISMISSED without prejudice in accordance with the *Younger* abstention doctrine so that the plaintiff may pursue his claims in the state courts.

3. The plaintiff's request for prosecution of the defendant be DISMISSED with prejudice pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).

4. This case be dismissed prior to service of process.

It is further

ORDERED that on or before February 22, 2016 the parties may file objections to this Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH C$_{IR}$. R. 3-1.

*See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 5th day of February, 2016.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE